**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

---

GEORGE S. VASILOPOULOS,

    Plaintiff,

    v.

ESSEX COUNTY PROSECUTORS
OFFICE, HON. ANTHONY FRASCA,
HON. MICHAEL J. NELSON, AND
ESSEX COUNTY PUBLIC DEFENDERS,

    Defendants.

Civil Action No. 08-5603 (JAG)

**OPINION**

---

**GREENAWAY, JR., U.S.D.J.**

    This matter comes before this Court on the motions filed by defendants, Essex County Prosecutor's Office ("ECPO"), Office of the Public Defender, Essex County ("OPD"),[1] Judge Michael J. Nelson ("Judge Nelson") and Judge Anthony J. Frasca ("Judge Frasca"),[2] to dismiss plaintiff George Vasilopoulos's ("Plaintiff") amended complaint, pursuant to Fed. R. Civ. P. 12(b)(1). For the reasons set forth below, these motions will be granted.

---

[1] The OPD noted that Plaintiff had incorrectly named them as the Essex County Public Defenders in the amended complaint. (Br. in Support of OPD's Mot. to Dismiss [hereinafter ("OPD Br.")] 2.) This Court will refer to this defendant by the correct name.

[2] Judge Nelson and Judge Frasca filed a single motion to dismiss.

## I. FACTUAL BACKGROUND

Plaintiff, a cognitively disabled man, filed his original complaint[3] on November 12, 2008. (Pl. Compl.) In the original pro se Complaint,[4] Plaintiff's Civil Cover Sheet cited 28 U.S.C. § 1983 as the statute under which he sought relief, and demanded a jury trial and $10,000,000.00. (Docket Entry No. 1-3.)[5] The only defendant identified on that document was the Essex County Prosecutor's Office. (Id.)

In his first amended complaint, filed on November 21, 2008, Plaintiff added as defendants Judge Frasca and Judge Nelson, and the OPD. (Docket Entry No. 2-2 at 1.) Plaintiff claims that because he "became involved with litigation involuntarily," he has been caused

---

[3] Plaintiff filed the original complaint in this matter on November 12, 2008. (Pl. Compl.) Subsequently, he filed fifteen amendments and supplemental filings. The allegations set forth in this Opinion are drawn from the original complaint, as well as all of the amendments and supplemental materials.

[4] This Court will read the complaint as broadly as possible, as this Court must when addressing claims of pro se litigants, Haines v. Kerner, 404 U.S. 519, 520-21 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).

[5] Plaintiff also marked the box designating that his action is a Class Action under FED. R. CIV. P. 23. "To obtain class action certification, plaintiffs must establish that all four requisites of Rule 23(a) and at least one part of Rule 23(b) are met." Baby Neal for & by Kanter v. Casey, 43 F.3d 48, 55 (3d Cir. 1994). FED. R. Civ P. 23(a) provides that "one or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class." In this case, Plaintiff cited conduct involving only himself. He references no other potential plaintiffs. Further, Plaintiff has filed a claim against only four defendants, a number which falls well below a class so numerous as to render joinder impracticable. Although the issue of class certification is not before this Court, at present, this is not a class action.

"[g]reat [p]ain, [e]motionally and physically." (Id.) Plaintiff seems to be alleging that the defendants each violated his civil rights in conjunction with a matter in Essex County Superior Court.[6] Id.

The underlying state action involved complaints filed by Plaintiff and Dr. Charles Dolin and Dr. Ann Dolin, who live in Plaintiff's neighborhood. (Tr. of Arraignment on Oct. 29, 2007, attached as Ex. 1 to Bender Cert. [hereinafter "Ex. 1"] 5:1-8:6.) On October 29, 2007, Plaintiff was arraigned in South Orange Municipal Court before Judge Clarence Barry-Austin on a complaint filed by the Dolins on August 22, 2007 alleging harassment. (Id.) At the same proceeding the Dolins were arraigned on Plaintiff's cross-complaint alleging false swearing. (Id.) The trial date was set for December 4, 2007. (Id. at 13.)

On December 4, 2007, Judge Jonathan H. Rosenbluth granted Plaintiff's request for an adjournment to obtain counsel. (Tr. of Proceedings of Dec. 4, 2007, attached as Ex. 2 to Bender Cert. [hereinafter "Ex. 2"] 15.) The matter was rescheduled for December 20, 2007, and Plaintiff

---

[6] Attached as Exhibits 1 through 5 to the Certification of Deputy Attorney General David Bender [hereinafter "Bender Cert."], are transcripts of five hearings held in the underlying state action. This Court derives some of the facts, under consideration here, from these items and considers these items in its determination of the instant motion.
 The documents are matters of public record, and are integral to, and explicitly relied upon, in the Complaint. This Court may consider those documents without converting Defendants' motion to dismiss into a motion for summary judgment. "[W]hen there is a factual question about whether a court has jurisdiction, the trial court may examine facts outside the pleadings and thus 'the trial court may proceed as it never could under 12(b)(6) or Fed. R. Civ. P. 56. Because at issue in a factual 12(b)(1) motion is the trial court's jurisdiction -- its very power to hear the case.'" Robinson v. Dalton, 107 F.3d 1018, 1021 (3d Cir. 1997) (citing Mortensen v. First Fed. Sav. & Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977)). Unlike the procedure governing summary judgment, under a Rule 12(b)(1) motion to dismiss no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims. Id.

and the Dolins were ordered to have no contact with one another. (Id.) On December 11, 2007, Plaintiff appeared before Judge Rosenbluth to request an extension of time in which to seek an attorney. (Tr. of Proceedings of Dec. 11, 2007, attached as Ex. 3 to Bender Cert. [hereinafter "Ex. 3"].) Plaintiff's request was denied. (Id. at 22.)

On December 20, 2007, Plaintiff appeared with counsel. (Tr. of Proceedings of Dec. 20, 2007, attached as Ex. 4 to Bender Cert. [hereinafter "Ex. 4"].) Prior to that hearing, Plaintiff and the Dolins had reached an agreement to dismiss all complaints and enter a consent order that neither party would have any contact with the other. (Id.) Plaintiff stated on the record, in response to the judge's questioning, that he understood the terms agreed upon and that he was in full agreement. (Id. at 16:8-17:20.)

Plaintiff subsequently appeared before Judge Rosenbluth without counsel, having fired his attorney without notification to the Court, and attempted to dispute the terms of the no contact order in a proceeding on January 10, 2008. (Tr. of Proceedings of Jan. 10, 2008, attached as Ex. 5 to Bender Cert. [hereinafter "Ex. 5"].) Judge Rosenbluth entered the order as agreed upon by the parties, and advised Plaintiff that he could appeal if he so chose. (Id. at 62-63.)

Plaintiff states that the injuries involved in this claim began to accrue on March 7, 2008, at a hearing on a complaint that Plaintiff violated the no contact order. (Docket Entry No. 2-2 at 1.) Plaintiff states that there was another hearing, this one before Judge Frasca, on April 7, 2008, apparently regarding the same complaint as the March 7 hearing. (Id. at 2.) Plaintiff states that Judge Frasca "intentionally approved the charge of violating a No Contact Order that dose [sic] not exist." (Id.) He refers in the amended complaint to an audio recording from that hearing that "speaks for itself." (Id.) Plaintiff has not submitted any audio recording into the record.

Plaintiff alleges that Judge Nelson violated his rights as a disabled person, apparently by denying him a continuance to obtain counsel during an appeals hearing on May 2, 2008. (Id. at 4.) He also claims he was not allowed in the courtroom during a lunch break, in violation of his rights as a pro se litigant, though he does not allege it was Judge Nelson himself who barred his entry. (Id.)

Sometime after that hearing, on July 24, 2008, Plaintiff states he filed a complaint against Charles Dolin for filing a false claim against him. (Id. at 5.) Plaintiff further states that he requested that Judge Frasca recuse himself from that matter "[b]ased on our past history," and "called on a daily bases [sic] to inquire if he choose [sic] to do so, and if he was going to respond to my letter." (Id.) Presumably, Judge Frasca did not recuse himself, as Plaintiff states he had a hearing before Judge Frasca on August 18, 2008. (Id. at 7.) Plaintiff alleges Judge Frasca stared at him "[a]s to say something," and called him by the wrong name at this hearing. (Id.) Plaintiff claims he was then given a document and told to review it, but that "Judge Frasca made me wait intentionally to the point were [sic] my anxiety got the best of me and my brain injury took all it could take." (Id.) He claims the stress of the court appearance caused him to have a seizure in the men's room and leave the building. (Id.) Plaintiff returned the following day, and was allowed to speak, but Judge Frasca ruled against him.[7] (Id.)

Plaintiff claims that after "countless visits to the Superior court [sic] of New Jersey Essex Vicinage" for the purpose of attempting to file a false swearing charge against "my co defendants [sic]," he was approached by two unnamed "Prosecutors" in the lobby. (Id. at 4-5.) The "Prosecutors" asked him not to harass their staff. (Id.) Plaintiff claims that one of the

---

[7] The matter on which Judge Frasca was ruling is unclear from the amended complaint.

"Prosecutors" then gave him "the run around" by incorrectly telling Plaintiff to file his claim at the Essex County Sheriff's Department. (Id.)

Plaintiff states that he was represented at some time by Dennis Friel of the OPD. (Id. at 2.) This claim is undisputed by the OPD in their answer. (OPD Br. 2.) Plaintiff states that at an appointment with Dennis Friel, he was made aware of a notice filed on April 7, 2008 claiming he was obsessed with children. (Docket Entry No. 2-2 at 2.) He also says Mr. Friel "showed concern that the paper work was in the hands of" Mark Ali, identified by Plaintiff as the "Director of the Child Abuse Division." (Id.) Plaintiff also alleges that the OPD refused to file a motion to dismiss at his request, and refused correspondence after August 6, 2008. (Docket Entry No. 16 at 3.)

## II. STANDARD OF REVIEW FOR A RULE 12(b)(1) MOTION TO DISMISS

Motions to dismiss for lack of subject matter jurisdiction, pursuant to FED. R. CIV. P. 12(b)(1), may be raised at any time. See 2 JAMES WM. MOORE, MOORE'S FEDERAL PRACTICE § 12.30[1] (Matthew Bender 3d ed. 2009). Rule 12(b)(1) challenges are either facial or factual attacks. See id. at § 12.30[4]. "A facial attack questions the sufficiency of the pleading," and "[i]n reviewing a facial attack, a trial court accepts the allegations in the complaint as true." Id. However, "when a court reviews a complaint under a factual attack, the allegations have no presumptive truthfulness, and the court that must weigh the evidence has discretion to allow affidavits, documents, and even a limited evidentiary hearing to resolve disputed jurisdictional facts." Id.; see also Mortensen v. First Fed. Sav. & Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977) (stating that "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of

disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims"). In short, "the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." Mortensen, 549 F.2d at 891; see also Carpet Group Int'l v. Oriental Rug Imps. Ass'n, 227 F.3d 62, 69 (3d Cir. 2000). "The [trial] [c]ourt must be careful, however, not to allow its consideration of jurisdiction to spill over into a determination of the merits of the case, and thus must tread lightly in its consideration of the facts concerning jurisdiction." Dugan v. Coastal Indus., Inc., 96 F. Supp. 2d 481, 483 (E.D. Pa. 2000).

"[T]he plaintiff will have the burden of proof that jurisdiction does in fact exist," Mortensen, 549 F.2d at 891, and must not only demonstrate that a controversy existed at the time it filed suit, but that it continues to exist throughout the litigation, Spectronics Corp. v. H.B. Fuller Co., Inc., 940 F.2d 631, 635 (Fed. Cir. 1991), abrogated on other grounds by Liquid Dynamics Corp. v. Vaughan Co., Inc., 355 F.3d 1361, 1370 (Fed. Cir. 2004).

In this Court's analysis of the case at bar, materials outside of the amended complaint are examined for background facts, but all allegations of the complaint are nonetheless taken as true. Whether Defendants' motion is considered a facial or a factual attack makes no difference in the Court's decision since all of Plaintiff's claims are barred due to either Eleventh Amendment or sovereign immunity.

### III. SECTION 1983 ACTIONS

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. In relevant part, section 1983 states:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983.  Therefore, a Plaintiff must first allege the violation of a right secured by the Constitution or laws of the United States, and second, must allege that the deprivation was committed or caused by a person acting under color of State law.  West v. Atkins, 487 U.S. 42, 48 (1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

### IV.  ELEVENTH AMENDMENT STANDARD

The Eleventh Amendment to the Constitution of the United States provides that "the Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another State, or by Citizens or Subjects of any Foreign State."

In interpreting the Eleventh Amendment, the Supreme Court has long held that citizens may not bring suit against their own state.  See Pennhurst State School and Hosp. v. Halderman, 465 U.S. 89, 98-99 (1984); Hans v. Louisiana, 134 U.S. 1 (1890).  "[T]he Eleventh Amendment is a jurisdictional bar which deprives federal courts of subject matter jurisdiction."  Blanciak v. Alleghany Ludlum Co., 77 F.3d 690, 693 n.2 (3d Cir. 1996) (citing Pennhurst, 465 U.S. at 98-100).  Sovereign immunity applies "'even though the state is not named a party to the action as long as the state is the real party in interest.'"

Carter v. City of Philadelphia, 181 F.3d 339, 347 (3d Cir. 1999) (quoting Fitchik v. New Jersey Transit Rail Operations, Inc., 873 F.2d 655, 659 (3d Cir. 1989)).  Therefore, "the state is the real party-in-interest if the named defendant is in fact an 'arm of the state.'" Davis v. Lakewood, No. 03-1025, 2005 WL 1863665 at *3 (D.N.J. Aug. 4, 2005) (citing Chisolm v. McManimon, 275 F.3d 315, 323 (3d Cir. 2001)).

To determine whether an entity should be considered an arm of the state, this Court must consider three factors.  See Fitchik, 873 F.2d at 659.  These factors are: "(1) the source of the money that would pay for the judgment; (2) the status of the entity under state law; and (3) the entity's degree of autonomy."  Haybarger v. Lawrence County Adult Prob. & Parole, 551 F.3d 193, 198 (3d Cir. 2008).  Although no single factor is dispositive, the most important is whether any judgment would be paid from the state treasury.  Fitchik, 873 F.2d at 659.

As a general proposition, a suit by private parties seeking to impose a liability which must be paid from public funds in a state treasury is barred from federal court by the Eleventh Amendment, unless Eleventh Amendment immunity is waived by the state itself or by federal statute.  See, e.g., Edelman v. Jordan, 415 U.S. 651, 663 (1974).  The Eleventh Amendment protects states and their agencies and departments from suit in federal court regardless of the type of relief sought.  Pennhurst State School and Hospital v. Halderman, 465 U.S. 89, 100 (1984).  Similarly, absent consent by a state, the Eleventh Amendment bars federal court suits for money damages against state officers in their federal capacities.  See Kentucky v. Graham, 473 U.S. 159, 169 (1985).  Section 1983 does not override a state's Eleventh Amendment immunity.  Quern v. Jordan, 440 U.S. 332 (1979).

In addition, neither states, nor governmental entities that are considered arms of the state for Eleventh Amendment purposes, nor state officers sued in their official capacities for money damages are persons subject to suit within the meaning of § 1983. Will v. Michigan Dept. of State Police, 491 U.S. 58, 64, 70-71 and n.10 (1989); Grabow v. Southern State Correctional Facility, 726 F. Supp. 537, 538-39 (D.N.J. 1989) (the New Jersey Department of Corrections is not a person under § 1983). A suit against a state official in his or her official capacity is not a suit against the official, but against the official's office, and "[a]s such, it is no different from a suit against the State itself." Will, 491 U.S. at 71.

## V. ANALYSIS

Plaintiff alleges that the ECPO, the OPD, Judge Nelson, and Judge Frasca have knowingly violated Plaintiff's Constitutional rights as a disabled United States citizen. These claims are barred by the Eleventh Amendment.

**A. Judge Frasca and Judge Nelson**

Plaintiff alleges Judges Frasca and Nelson violated § 1983 in their official capacities, and he seeks money damages. (Pl. Compl., Docket Entry No. 2.) A judge acting in his or her official capacity is not a "person" subject to suit under § 1983. See Will, 491 U.S. at 64, 70-71 and n.10. Under Will, a suit against a judge acting in his official capacity is "no different from a suit against the State itself." Id. at 71. As part of the Judicial Branch of New Jersey, the New Jersey Superior Court is an "arm" of the state entitled to share in the state's sovereign immunity. Carroway v. New Jersey, 202 F. App'x

564, 565 (3d Cir. 2006) (citing Johnson v. N.J., 869 F. Supp. 289, 296-297 (D.N.J. 1994)). Therefore, Plaintiff's claims against Judge Frasca and Judge Nelson are barred by the Eleventh Amendment.

Further, "[i]t is a well-settled principle of law that judges are generally 'immune from a suit for money damages.'" Figueroa v. Blackburn, 208 F.3d 435, 440 (3d Cir. 2000) (quoting Mireles v. Waco, 502 U.S. 9, 9 (1991) (per curiam)). Judicial immunity is a doctrine "founded upon the premise that a judge, in performing his or her judicial duties, should be free to act upon his or her convictions without threat of suit for damages." Id. The Supreme Court has made it clear that "judges of courts of superior or general jurisdiction are not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly." Stump v. Sparkman, 435 U.S. 349, 355 (1978). As a result, a judge's immunity from civil liability "is overcome in only two sets of circumstances. First, a judge is not immune from liability for nonjudicial acts, i.e., actions not taken in the judge's judicial capacity. Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." Figueroa, 208 F.3d at 440.

Plaintiff has not alleged any lack of jurisdiction in the hearings referenced in his amended complaint. Likewise, Plaintiff makes no claim regarding any acts of either judge that can in any way be construed as "nonjudicidial" acts. Therefore, all of Plaintiff's claims against both judges are also barred by the doctrine of judicial immunity.

Plaintiff's claims against Judge Frasca and Judge Nelson are barred by Eleventh Amendment immunity. These claims shall be dismissed, with prejudice.

**B. Office of the Public Defender, Essex County**

Court-appointed counsel, public defenders, and investigators employed by a public defender are generally immune from civil liability under 42 U.S.C. § 1983 when acting within the scope of their professional duties. Black v. Bayer, 672 F.2d 309, 317 (3d Cir.), cert. denied, 459 U.S. 916 (1982); Tower v. Glover, 467 U.S. 914, 923 (1984) ("state public defenders are not immune from liability under § 1983 for intentional misconduct, 'under color of' state law, by virtue of alleged conspiratorial action with state officials that deprives their clients of federal rights").

Further, although not immune from suit or liability, an attorney may be entitled to dismissal of a civil rights action on the ground that it fails to state a claim, because lawyers are typically not considered "state actors." "[A] lawyer representing a client is not, by virtue of being an officer of the court, a state actor 'under color of state law' within the meaning of § 1983." Polk County v. Dodson, 454 U.S. 312, 318 (1981). Similarly, a public defender "does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." Id. at 325. Nevertheless, an "otherwise private person acts 'under color of' state law, when engaged in a conspiracy with state officials to deprive a defendant of federal rights." Tower v. Glover, 467 U.S. 914, 914 (1984).

Here, Plaintiff alleges no facts that would suggest that the OPD or Dennis Friel,[8] the individual attorney representing Plaintiff, acted in any capacity other than their traditional capacity as counsel, within their professional duties. Therefore, they are immune from suit under § 1983.

---

[8] Dennis Friel is not a defendant in his individual capacity.

Moreover, the OPD is immune from suit under the Eleventh Amendment.[9] The OPD is not a "person" subject to suit under § 1983. See Will, 491 U.S. 58, 64, 70-71 and n.10; Grabow, 726 F. Supp. at 538-39.

Accordingly, all claims against the Public Defender's Office will be dismissed, with prejudice.

**C. The Prosecutor's Office**

The Eleventh Amendment also bars a plaintiff's claims against a county's prosecutor's office when the prosecutor's office is acting as a state agent rather than in an individual capacity. See Banda v. Burlington County, No. 06-5131, 2008 WL 241385 at *1 (3d Cir. Jan. 30, 2008). Moreover, this Court has previously held that "New Jersey county prosecutor's offices are entitled to Eleventh Amendment immunity from suits arising out of the exercise of prosecutorial powers." Vasilopoulos v. Superior Court, No. 08-5801 (JAG), 2009 U.S. Dist. LEXIS 39306, at *17-18 (D.N.J. May 8, 2009) (citing Kandil v. Yurkovic, No. 06-4701 (JAG), 2007 WL 4547365 at *4 (D.N.J. Dec. 18, 2007)).

Here, the ECPO was acting in its official capacity. Plaintiff does not present any claims against the ECPO that do not arise out of the exercise of its prosecutorial powers. Therefore, the claim against the ECPO will be dismissed, with prejudice.

---

[9] The Office of the Public Defender is an agency established by the State of New Jersey, in the Executive Branch, to fulfill the State's obligation to provide representation to indigent criminal defendants. The Public Defender is appointed by the Governor with the advice and consent of the Senate. The Public Defender is authorized to enter into contracts, as provided by law. The Public Defender must make an annual report to the Legislature on the operation of the Office. See New Jersey Statutes, Title 2A, Chapter 158A. Therefore, the Office of the Public Defender is an arm of the state entitled to Eleventh Amendment immunity. Cf. Smith v. LaFollette, 23 F.3d 410 (7th Cir. 1994) (Wisconsin Office of the Public Defender is a state agency entitled to Eleventh Amendment immunity); Allen v. Feldman, 2004 WL 1254001. (D. Del. 2004) (Delaware Office of the Public Defender is a state agency entitled to Eleventh Amendment immunity).

## V. <u>CONCLUSION</u>

For the reasons set forth above, Plaintiff's complaint must be dismissed, with prejudice, for lack of subject matter jurisdiction.  Plaintiff's complaints against Judge Frasca and Judge Nelson, the OPD, and the ECPO are barred by the Eleventh Amendment and will be dismissed, with prejudice.


                                           S/Joseph A. Greenaway, Jr.
                                           JOSEPH A. GREENAWAY, JR., U.S.D.J.


Date: September 8, 2009